**In Re Noon**

*Eugene E. Fike, 2d,* for appellant.

*Eugene E. Dice,* Deputy Attorney General, contra.

GOLDBERG, Member, October 16, 1972.—

## HISTORY OF THE CASE

1. On March 20, 1972, an on-lot Sewage Permit No. 100171, held by Theodore Noon, appellant, was revoked by the Department of Environmental Resources. The letter of revocation stated the reasons for the action taken, and advised appellant of his right to appeal within 15 days following the date of the letter. On or about May 10, 1972, 50 days after the order of revocation was issued, appellant's attorney filed a letter of appeal.

2. Following the department's motion to quash and the issuance of a rule to show cause why the motion should not be granted, appellant filed an answer, alleg-

ing, in general, that he had been misled by personnel of the Department of Environmental Resources concerning his right to appeal. Thereafter, a hearing on the motion to quash was held on August 11, 1972.

## LAW APPLICABLE

Chapter 21 of the Rules and Regulations of the Environmental Hearing Board provides that "Appeals . . . and other documents required or permitted to be filed under these Rules shall be received by the Board within the time limits, if any, for such filing": §21.1 (a). The rules further state that the time fixed may be extended by the board for good cause, "upon Motion made before expiration of the time for filing."

More specifically, the rules state that, in cases where appeals are authorized, "such appeals shall be in writing and shall be filed with the Board within fifteen (15) days from the date of service of written notice of an action of the Department . . .": §21.2 (a). Further, §21.21 (c) states, "Failure to comply with this section shall be sufficient basis for dismissing the appeal. The action of the Department . . . shall be final as to any person who fails to file an appeal or to perfect an appeal pursuant to this section." The only provision made for an extension of time is where there is a written request for such extension filed within the 15-day period, and then such extension can be had for only 15 additional days, or for a total of 30 days after the appeal is served.

## DISCUSSION

There is no question of fact before the board in this matter. The only factor which appellant asserts as a reason for allowing the appeal was that he was "misled" by Ron Michalison in a meeting on February 16, 1972, as to his right of appeal. Page 8 of the tran-

script sums up the substance of the alleged misunderstanding:

"Q. What did you discuss at that meeting?

"A. According to them, that the ground wasn't suitable for a septic system. And he also stated that as many appeals as I would put in, that they would still revoke it.

"Q. Did you understand from this that an appeal wouldn't be of any avail to you?

"A. That is right."

On cross-examination, however, Mr. Noon admitted that he was specifically told at the meeting that (a) he had a right of appeal, and (b) he should contact an attorney in the matter. He also admitted that he had, in fact, an attorney who was advising him of his rights at the time of the very meeting in which he claims to have been misled. The departmental representative may have given him cause to believe that he would not be successful in his appeal, but he certainly had no grounds for claiming that he was misled as to his right to appeal.

The uncontradicted testimony of Mr. Michalison shows that Mr. Noon was thoroughly advised of what had transpired concerning the first revocation of the permit and the reinstatement that was to follow. He affirmed Mr. Noon's own testimony that he had advised Mr. Noon of his right of appeal and that he should contact an attorney. Mr. Michalison also denied indicating to Mr. Noon that an appeal would be futile.

There is no testimony or allegation of any fraud or any breakdown in the hearing system affecting appellant's right of appeal. Indeed, the only rationale for allowing the appeal would seem to be that appellant decided not to appeal, with the advice of counsel available to him, because he believed he would not be successful, and then later changed his mind.

There is a long line of cases in Pennsylvania which express the principle that where an appeal period is spelled out by statute, the court lacks jurisdiction to hear an appeal filed beyond the period, unless there is a showing of (a) fraud, (b) a breakdown in the court's operation, or (c) an unconstitutional deprivation of the assistance of counsel (this last ground, of course, being applicable only in criminal cases where a right to counsel is constitutionally guaranteed). See In re Annexation of a Portion of the Township of Franklin by the Borough of Delmont, 2 Comm. Ct. 496 (1971), and cases cited therein. See also Pittsburgh and Atomic Energy Commission v. P. U. C. and Duquesne Light Company, 3 Comm. Ct. 546 (1971), at pages 551 and 552, and cases cited therein. The Environmental Hearing Board is in a position very similar to the court in the cited cases when ruling on an appeal from a departmental order. The powers and duties of the board are established in 71 PS §510.21. Subsection (e) of this section states:

"(e) Hearings of the Environmental Hearing Board shall be conducted in accordance with rules and regulations adopted by the Environmental Quality Board and such rules and regulations shall include time limits for the taking of appeals, procedures for the taking of appeals, locations at which hearings shall be held, and such other rules and regulations as may be determined advisable by the Environmental Quality Board."

Chapter 21 of the rules and regulations was adopted in accordance with this statutory authority and, therefore, has the force and effect of law. In this regard, the situation of this board is exactly analogous to that of the court in the above cited cases.

Even if a more liberal standard of discretion were to be followed by the board, there is no basis for allowing the appeal to be heard in this instance. Prin-

ciples of equity and fair play have not been violated. On the other hand, if the appeal is allowed, the rules of the board prescribing the appeal procedure and the statute upon which those rules are based would be rendered meaningless.

Upon the basis of the foregoing conclusions and principles, the board issues the following

## ORDER

. And now, to wit, October 16, 1972, the motion to quash filed by the Department of Environmental Resources in the above-captioned matter is sustained, and the appeal is dismissed.